IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,                                Criminal No. 18-0274

                                              ELECTRONICALLY FILED

       v.

RAYSHAWN PATTERSON,

       Defendant.

<u>Memorandum Order denying Pro Se Letter Motion for Credit for Time Served (Doc. 189)</u>

      Pending is Defendant's *pro se* letter Motion for the Bureau of Prisons (BOP) to give him credit for time served. Defendant contends that his concurrent sentence is not being properly calculated by the Bureau of Prisons and that he has not been given credit "for jail time served." (Doc. 189).

      Defendant was sentenced by this Court on December 18, 2020, to 60 months imprisonment at Count 1 and 87 months at Counts 2-6 to be served concurrently to be followed by a 3-year term of supervised release at Counts 1-6 to be served concurrently.

      Having reviewed Defendant's Motion, the Court finds as follows. Although the sentencing court in this matter, this Court does not have jurisdiction to order the BOP to give credit for the time Defendant served in federal custody.

      As explained by the United States Court of Appeals for the Third Circuit in *Hasan v. Sniezek*, 379 Fed. App'x 232 (3d Cir. 2010): [t]he authority to calculate a federal prisoner's period of incarceration for the federal sentence imposed and to provide credit for time served is

delegated to the Attorney General, who acts through the BOP. *United States v. Wilson,* 503 U.S. 329, 334–35, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). A challenge to the BOP's execution of a sentence is properly brought under 28 U.S.C. § 2241. *See Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241–43 (3d Cir. 2005). *Hansan*, 379 Fed. App'x at 234. Further, such a habeas corpus petition is to be brought in the district in which a defendant is serving a sentence, which is not within the territorial boundaries of the United States District Court for the Western District of Pennsylvania. *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017).

Accordingly, because this Court lacks jurisdiction over Defendant's *pro se* Letter Motion, this Motion (Doc. 189) is DENIED, without prejudice for Defendant to file a habeas corpus petition in the appropriate forum after first exhausting his administrative remedies before the BOP.

                                                  s/ Arthur J. Schwab
                                                  Arthur J. Schwab
                                                  United States District Judge

cc:      All counsel of record